**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| RAYMOND D. COOPER, a/k/a RAYMOND D. BOYD, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 2:22 CV 18 MTS |
| STEVE FEENEY and MATT THATCHER, ) ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Raymond D. Cooper, a/k/a Raymond D. Boyd, a prisoner, for leave to commence this civil action without prepaying fees or costs. The Court has reviewed the motion and has determined to grant it and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement. Instead, plaintiff has indicated that the statement is not available to him. The Court will therefore assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task

2

that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Background

On or about March 17, 2021, plaintiff was indicted in this United States District Court for the offenses of solicitation of child pornography, and transfer of obscene material to a minor. *See U.S. v. Raymond D. Cooper,* No. 4:21-CV-190-SEP-SRW (E.D. Mo. 2021). At present, those charges remain pending, and plaintiff is being held in custody.

The case at bar is one of three civil rights cases that plaintiff has recently filed *pro se* and *in forma pauperis* in this Court. In *Cooper v. Ste. Genevieve County Jail, et al.,* No. 1:21-CV-80-SNLJ (E.D. Mo. Aug. 12, 2021), plaintiff claimed the jail and the United States Marshals Service violated his civil rights by housing men and women separately. In *Cooper v. Gelfand,*

3

No. 4:22-CV-232-SEP (E.D. Mo. May 26, 2022), plaintiff sued his criminal defense attorney for allegedly violating his Sixth Amendment rights.[1] In both cases, the Court dismissed the action upon initial review after determining that the complaint failed to state a claim upon which relief may be granted. Plaintiff has initiated civil litigation in the Missouri state courts as well.

### The Complaint

Plaintiff prepared the complaint using the first two pages of this Court's Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983 form, and five sheets of paper containing three sections that plaintiff titled "Statement of Claim," "Injuries," and "Relief." Doc. [1] at 3-8.[2] He identifies the defendants as Kirksville Police Department Detective Steve Feeney, and FBI Special Agent Matt Thatcher. Plaintiff sues Feeney in an individual and official capacity but does not specify the capacity in which he sues Thatcher. The Court therefore presumes that Thatcher is sued only in his official capacity. *See Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir. 2007) (quotation omitted) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity").

Plaintiff sets forth his statement of claim in the form of a long narrative containing vague assertions and conclusory statements. Even so, the gist of the complaint is that Feeney and/or Thatcher stole plaintiff's intellectual property on Facebook, in violation of state and federal criminal laws, copyright laws, Facebook's terms of service, and other rules. Plaintiff alleges that

---

[1] In both of those cases, plaintiff referred to himself as the Rev. Dr. Raymond D. Cooper. In the case at bar, however, he refers to himself as Raymond D. (Boyd) Cooper.

[2] Plaintiff included his own page numbers at the bottom of each page of the complaint, beginning with "6 of 12" and continuing sequentially through "12 of 12." The papers that plaintiff submitted with the complaint, including his Application to Proceed in District Court Without Prepaying Fees or Costs, are numbered "1 of 12" through "5 of 12." In this Memorandum and Order, when referencing pages of plaintiff's complaint, the Court will use the electronically generated docket and page numbers.

Detective Feeney "violated ICAC[3] protocols" and Facebook's terms of service when he created "a 'fictitious person' to send a 'friend request' to who he believed was this plaintiff's Facebook profile." *Id.* at 3.  Throughout the complaint, plaintiff alleges that the defendants committed the crimes of stealing, theft, and fraud when they stole his intellectual property.  For example, plaintiff writes:

> On or about 8-9-2019 Matt Thatcher and Steve Feeney while under the color of law violated Missouri law by using deceit to obtain or attempt to obtain "Intellectual Property" belonging to a private citizen (Plaintiff) which is protected under Title 17 U.S.C. § 201(a), 102, 106, 106A of the United States Copyright Laws. This establishes digital, tangible, intangible property that is protected under law is deemed "property."
>
> . . .
>
> In this process of using 'deceit' to obtain the 'property,' The Detective did violate state and federal laws ... which is stealing by using deceit. And Federal Model Penal Code … Theft by Fraud. While this act is unlawful. This places the defendants outside the spectrum of lawfulness. By being unlawful, the officers cannot use their employment to protect their criminal acts.

*Id.*  Plaintiff identifies the allegedly stolen property as follows: "[t]he property in question is content on a private profile in form of artistic creations and photographs of other works belonging to the plaintiff.  These works are authored and thus the product of the plaintiff's intellect." *Id.*

Plaintiff also claims the defendants stereotyped him and engaged in phishing. He alleges they did not have a warrant and abused their authority.  He states that the defendants used his private property to defame and slander him, and to bring a criminal complaint against him.  He claims he was subjected to a loss of freedom and various hardships when he was incarcerated, including losing his luggage while being transported.  However, he alleges no facts explaining how either defendant used the allegedly stolen property to arrest him or implicate him in a crime.

---

[3] This is an apparent reference to a coordinated law enforcement program called the Internet Crimes Against Children (ICAC) Task Force.

Plaintiff alleges he is the victim of crimes perpetrated by the defendants, and he alleges the defendants deprived him of his "life's work as an artist" and revenue he could gain from his artistic work.  *Id.* at 5. He states that the defendants are not above the law and should be prosecuted.  Plaintiff also alleges he has been subjected to "persistent harassment by FBI and the federal government to harass and intimidate the plaintiff's loved ones, family and friends," thereby harming his relationships.  *Id.*  He does not explain what he means by that, or how either defendant is involved.

As relief, plaintiff seeks to have the defendants criminally prosecuted and fired from their jobs. He also seeks expungement of his arrest record and monetary relief, including $3.5 million to compensate him for the loss of his artistic work.

## Discussion

The Court first addresses plaintiff's official-capacity claims.[4]  Plaintiff indicates an intent to bring 42 U.S.C. § 1983 claims for damages against both defendants.  Official-capacity suits are treated as suits against the entity of which the officer is an agent.  *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985).  Therefore, plaintiff's claims against Thatcher are treated as claims against the Federal Bureau of Investigation ("FBI"), and plaintiff's official-capacity claims against Feeney are treated as claims against the Kirksville Police Department.  However, a federal agency like the FBI is not a "person" acting under color of state law, and therefore cannot be subject to suit under § 1983.  *See Abram v. Dep't of Agr.*, 1999 WL 793536, at *1 (8th Cir. Sep. 27, 1999) (per curiam).  Similarly, the Kirksville Police Department is not an entity that can be sued under § 1983.  *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (a police department is not a "judicial entit[y] suable as such.").

---

[4] As noted above, the Court construes the complaint as bringing only official-capacity claims against Thatcher.

Federal agents like Thatcher can be sued in a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, it is well settled that "a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998) (citing *Laswell v. Brown,* 683 F.2d 261, 268 (8th Cir. 1982)). *See Sinclair v. Hawke*, 314 F.3d 934, 939-40 (8th Cir. 2003) (citation omitted) (noting that the Supreme Court has "refused to extend *Bivens* to claims against federal agencies and private government contractors, as opposed to individual federal officials."). For these reasons, plaintiff's official-capacity claims fail.

The Court now considers whether the complaint states a plausible Fourth Amendment claim against Feeney in his individual capacity, or would state such a claim against Thatcher had plaintiff sued him in an individual capacity. In setting forth his statement of claim, plaintiff refers to Feeney and Thatcher collectively, and states that they lacked a warrant, stereotyped him, stole his property, and used his private property to defame his character and bring a criminal complaint against him. Plaintiff does not specifically identify the property at issue, nor does he explain how the allegedly stolen property relates to any crime. He alleges no facts permitting the inference that either defendant's action or omission caused him to be arrested, charged with a crime, detained, or criminally prosecuted, or that any property taken by either defendant is or was used in conjunction with a criminal prosecution. Instead, plaintiff offers the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual

7

allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). The Court will not assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914. Having carefully reviewed and liberally construed the complaint, the Court concludes it fails to state a plausible Fourth Amendment claim against either defendant.

Plaintiff also alleges that the defendants violated state and federal criminal law. He characterizes himself as a crime victim and asks this Court to hold the defendants accountable. However, plaintiff lacks a legally cognizable interest in having another person arrested or charged with a crime, or to have a crime investigated. Additionally, this Court cannot, as plaintiff requests, compel a criminal investigation or prosecution. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *see also Parkhurst v. Tabor*, 569 F.3d 861, 865–67 (8th Cir. 2009) (crime victims lack standing to compel a criminal prosecution); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation.").

Plaintiff also seeks damages from the defendants for violating his interest in intellectual property. He cites provisions of Title 17 of the United States Code and states the defendants wrongfully obtained property protected thereby, but he does not link his assertions with any particular provision. He also offers his unsupported statements that the defendants violated law enforcement program protocols and Facebook's terms of service, and he states that the FBI and the federal government are harassing him and his family. However, plaintiff alleges no facts from which the Court can discern any plausible claim premised upon a violation of an interest in intellectual property, § 1983, *Bivens,* or other federal law. Instead, as elsewhere in the complaint, plaintiff's allegations amount to the type of legal conclusions and "[t]hreadbare

8

recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti,* 868 F.3d at 671.

For all of the reasons set forth above, the Court concludes that the complaint fails to state a claim upon which relief may be granted and will dismiss this case at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that plaintiff's complaint contains state law claims that are not specifically addressed here, the Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of July, 2022.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE